**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **FIT ACTIVE SPORTS LLC**<br>1105 Mckendree Park Lane<br>Lawrenceville, Georgia 30043,<br><br>       PLAINTIFF,<br><br>  v.<br><br>**SIALKO GROUP, CORP.**<br>3393 Kenilworth Drive<br>Windsor, Ontario N9E 4P7, Canada,<br><br>       DEFENDANT. | CASE NO.:<br><br>JUDGE: |

**COMPLAINT
(JURY DEMAND ENDORSED HEREIN)**

For its Complaint, Plaintiff Fit Active Sports, LLC ("*Plaintiff*" or "*Fit Active*") states as follows against Defendant Sialko Group Corp. ("*Defendant*" or "*Sialko*"):

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment, trademark infringement, trade dress infringement, unfair competition, trademark dilution under the Lanham Act, 15 U.S.C. § 1051 et seq., and related claims under Ohio statutory and common law, arising out of Defendant's deliberate copying of Plaintiff's federally registered trademarks, distinctive product trade dress, and images for use in connection with Defendant's own competing products sold on Amazon.com.

1

2.      Plaintiff is the owner of two federally registered trademarks — U.S. Registration No. 5,610,672 for its stylized "Fa" logo combined with the FIT ACTIVE SPORTS wordmark, and U.S. Registration No. 6,451,647 for the standard-character mark FIT ACTIVE SPORTS — both covering, among other things, exercise gloves and related fitness equipment (collectively, the "*Marks*"). Plaintiff has used its Marks continuously in commerce since as early as May 13, 2015, has invested substantial resources in developing consumer recognition of the Marks and Plaintiff's associated product trade dress, and has built a business generating substantial sales.

3.      Rather than compete on the merits, Defendant's copied Plaintiff's photograph — including its composition, camera angle, lighting, and posing — and, upon information and belief, digitally excised Plaintiff's registered "Fa" / FIT ACTIVE SPORTS logo from the wrist wrap depicted in the image, replacing it with a substantially similar logo bearing Defendant's own "Glaring Way" branding in a substantially similar size, position, orientation, and high-contrast white-on-black color scheme. Defendant likewise copied the distinctive low-profile, segmented palm-padding configuration and overall color-blocking and branding placement that constitute Plaintiff's product trade dress. A true and correct side-by-side comparison of Plaintiff's and Defendant's competing listings, prepared from the parties' respective Amazon.com product pages, is reproduced below and attached as **Exhibit "D**."

4.      Despite receiving a formal cease-and-desist letter from Plaintiff's counsel on July 9, 2026, Defendant has failed to cease its infringing conduct, refused to provide the

2

accounting demanded by Plaintiff, and continue to offer the infringing products for sale, causing Plaintiff ongoing lost sales, price erosion, increased advertising costs, and irreparable harm to its brand and goodwill.

5.     Plaintiff brings this action to enjoin Defendant's ongoing unlawful conduct and to recover the damages, disgorgement of profits, statutory damages, and fees to which it is entitled.

## PARTIES

6.     Plaintiff Fit Active Sports, LLC is a limited liability company organized under the laws of the State of Ohio. Fit Active designs, markets, and sells fitness and exercise accessories, including weightlifting and workout gloves, wrist wraps, and related equipment, throughout the United States and internationally, principally through Amazon.com and its own e-commerce channels.

7.     Upon information and belief, Defendant Sialko is a corporation that is identified as the seller of record on Amazon.com for the Glaring Way-branded products at issue in this action.

## JURISDICTION/VENUE

8.     This Court has subject matter jurisdiction over Plaintiff's federal trademark, trade dress, and unfair competition claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), because those claims arise from the same case or controversy as Plaintiff's federal

claims.

9. Pursuant to Fed. R. Civ. P. 4(k)(1)(A) and O.R.C. § 2307.382, this Court has personal jurisdiction over Defendant because, upon information and belief, Defendant regularly transact business in and direct advertising, sales, and the infringing conduct at issue into this District and elsewhere in the United States through the interactive Amazon.com marketplace; because Defendant's infringing conduct was expressly aimed at Plaintiff, and Ohio-organized company, and was calculated to cause harm felt in this District.

10. Defendant's contacts with Ohio are substantial and continuous. Upon information and belief, Defendant has directed its Amazon.com sales activities into Ohio, have sold infringing products to Ohio residents, have shipped infringing products into Ohio, and have derived revenue from Ohio-based transactions. Defendant's use of the Amazon.com marketplace constitutes purposeful availment of the privilege of conducting business in Ohio and the United States, and defendants could reasonably anticipate being haled into court in any state where its products are sold, including Ohio.

11. Defendant's actions were expressly aimed at Plaintiff, an Ohio limited liability company. By infringing upon Plaintiff's proprietary product photography and registered trademarks, defendants intentionally targeted Plaintiff's business and knew or should have known that the harm resulting from its conduct would be felt in Ohio, where Plaintiff is organized.

12. As such, jurisdiction is reasonable and consistent with due process.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to Plaintiff's claims occurred in this District. Plaintiff is an Ohio limited liability company organized in this District, and Plaintiff has suffered and continues to suffer substantial harm in this District as a direct result of Defendant's infringing conduct. Defendant directed its infringing listings and sales activities into this District through the Amazon.com marketplace, causing harm to Plaintiff's business operations, goodwill, and reputation within this District. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because Defendant are subject to this Court's personal jurisdiction with respect to this action and there is no other district in which venue would be proper.

## BACKGROUND
### *Plaintiff's Business*

14. Since at least May 13, 2015, Plaintiff has continuously used the mark FIT ACTIVE in interstate commerce in connection with exercise gloves and related fitness equipment.

15. Since at least March 17, 2016, Plaintiff has continuously used its stylized "Fa" logo, together with the FIT ACTIVE SPORTS wordmark, in interstate commerce in connection with the same goods.

16. Plaintiff owns U.S. Trademark Registration No. 5,610,672, registered on the Principal Register on November 20, 2018, for the "Fa" logo mark (with "Fit Active Sports" appearing below the logo) for exercise and weightlifting equipment, including exercise gloves, wrist supports, and wrist wraps, in International Class 28. A true and correct copy of this registration is attached as **Exhibit "A**."

5

17. Plaintiff owns U.S. Trademark Registration No. 6,451,647, registered on the Principal Register on August 17, 2021, for the standard-character mark FIT ACTIVE, for exercise gloves, athletic wrist supports and wraps, and related sporting goods, in International Class 28, registered pursuant to Section 2(f) upon a showing of acquired distinctiveness. A true and correct copy of this registration is attached as **Exhibit "B**."

18. Both registrations are valid, subsisting, and owned by Plaintiff.

19. Through more than a decade of continuous use and substantial investment — including advertising expenditures exceeding hundreds of thousands of dollars and lifetime sales in excess of ten million dollars—Plaintiff has developed significant goodwill and consumer recognition in its Marks. Plaintiff's flagship glove product has consistently ranked among the top 10 to 15 best-selling products in its Amazon product category, Plaintiff has amassed more than 60,000 customers and more than 7,200 social media followers, and Plaintiff's products have been featured in Men's Health, Medical News Today, Healthline, and on numerous fitness-focused YouTube channels, including recognition as a top workout glove.

20. As a result of the foregoing, Plaintiff's Marks are distinctive and, within the relevant market for fitness and weightlifting accessories, famous, and are widely recognized by consumers as identifying Plaintiff as the exclusive source of the goods offered thereunder.

*Plaintiff's Distinctive Trade Dress*

21. In addition to its registered word and logo marks, Plaintiff has developed, and consistently and exclusively used, distinctive, non-functional trade dress across its product

6

photography, product configuration, and packaging, including without limitation the elements set forth in Paragraphs 22 to 26 of this Complaint.

22.     Photography trade dress: a proprietary marketing photograph format depicting a dual-hand product presentation captured at an approximate 45-degree diagonal tilt against a high-contrast, high-key white background, with one hand shown palm-up and the other palm-down in an interlocking layout;

23.     Product-configuration trade dress: a minimal, open-back glove silhouette with four independent fabric finger loops; a low-profile palm-padding array segmented into four separate, vertically oriented shallow oval cushion ridges; a matching teardrop-shaped thumb pad; and a smooth, unpadded center-palm cutout separating the padding from the wrist-wrap structure;

24.     Color and branding trade dress: a stark, monochromatic matte-black glove body with bright white text and iconography confined exclusively to the wrist-wrap closure, consisting of Plaintiff's stylized "Fa" logo stacked directly above the linear, all-capital "FIT ACTIVE SPORTS" wordmark, leaving the palm surface entirely unbranded;

25.     Structural packaging trade dress: a flexible, rectangular, heavy-duty plastic pouch with a clear translucent back panel, a semi-opaque frosted front panel, and an integrated white plastic sliding-zipper closure spanning the top edge, rather than a cardboard box or heat-sealed polybag; and

26.     Packaging graphic trade dress: a contrasting-color header bar with centered white text across the top of the package; a white left-hand branding block containing

Plaintiff's logo and vertical text; a color-blocked right-hand text block combining bold red and white typography to state the product name; and a black sizing block in the lower-right quadrant with a single bold white capital letter denoting size.

27.  None of the foregoing trade dress elements, whether considered individually or as a whole, is functional; each serves solely, or primarily, to identify Plaintiff as the source of the goods and to distinguish Plaintiff's products from those of others in the marketplace.

28.  As a result of Plaintiff's substantial and continuous use, Plaintiff's trade dress, as a whole, has acquired secondary meaning and is widely recognized by consumers as identifying Plaintiff as the source of the goods.

### Defendant's Copying and Infringing Conduct

29.  Upon information and belief, Defendant design, market, and/or sell weightlifting and workout gloves in direct competition with Plaintiff's products, through Amazon.com listings operating under the brand name "Glaring Way," including without limitation the listings identified by Amazon Standard Identification Numbers ("ASINs") B08Y24WQ1T, B08TCHSV2H, B08TCHBDRL, B08TCJJRTH, and B08TCJG5FG (collectively, the "*Infringing Listings*," and the products sold thereunder, the "*Infringing Products*").

30.  Defendant price the Infringing Products at approximately $14.24 to $14.99 per unit, substantially undercutting Plaintiff's comparable products, which Plaintiff sells at prices ranging from approximately $19.95 to $24.95.

31.  Rather than develop independent product photography, Defendant copied the product photograph appearing on Plaintiff's own Amazon listing, retaining Plaintiff's

8

photographic composition, camera angle, lighting, and hand posing, and, upon information and belief, digitally altered the copied image to remove Plaintiff's registered "Fa" / FIT ACTIVE SPORTS logo from the wrist wrap depicted in the photograph and to substitute in its place a logo bearing Defendant's "Glaring Way" branding, positioned in the identical location on the wrist wrap, rendered at a similar size, and displayed in the same high-contrast white-on-black color scheme, so as to serve the identical source-identifying function within the photograph that Plaintiff's own logo had served.

32. A true and correct side-by-side comparison, showing Plaintiff's listing and photograph next to Defendant's listing a as they appeared in Amazon.com search results for identical search terms, is reproduced below and attached as **Exhibit "D."**



*Exhibit D: Comparison of Plaintiff's FIT ACTIVE SPORTS listing (left) and Defendant's Glaring Way listing bearing the copied and altered photograph (right), as displayed in Amazon.com search results.*

33.     Defendant's copied photograph likewise depicts, and Defendant's actual products replicate, Plaintiff's low-profile, segmented four-ridge palm-padding configuration, teardrop-shaped thumb pad, open-back finger-loop design, and matte-black body with white wrist-wrap branding — the very elements that constitute Plaintiff's product-configuration and color/branding trade dress described above.

34.     The deliberate nature of Defendant's conduct — which required Defendant to identify, isolate, and manually replace Plaintiff's proprietary logo within a copy of Plaintiff's photograph while preserving every other element of the image — demonstrates that Defendant's conduct was intentional, and not the product of coincidence or independent creation.

35.     Upon information and belief, Defendant's use of the copied photograph and confusingly similar trade dress has caused actual confusion among consumers.

*Plaintiff's Cease-and-Desist Letter and Defendant's Continued Infringement*

36.     On July 9, 2026, Plaintiff's counsel sent Defendant a detailed cease-and-desist letter, a true and correct copy of which is attached as **Exhibit "E**," identifying Defendant's unauthorized copying and alteration of Plaintiff's photograph, Defendant's trademark infringement and false designation of origin, and demanding, among other things, that Defendant immediately cease all infringing activity, remove all infringing content, destroy all infringing materials, preserve all relevant evidence, provide a complete financial accounting, and identify all persons involved in creating the infringing images.

37.     Upon information and belief, Defendant failed and refused to substantively

10

comply with Plaintiff's demands and has continued to offer the Infringing Products for sale.

*Likelihood of Confusion, Willfulness, and Damages*

38.     Defendant's use of a copied photograph bearing a colorable imitation of Plaintiff's registered "Fa" logo, together with Defendant's copying of Plaintiff's distinctive trade dress, is likely to cause, and upon information and belief has caused, actual confusion among consumers as to the source, sponsorship, or affiliation of Defendant's products — particularly because Defendant's listings appear directly alongside Plaintiff's listings in Amazon.com search results returned for identical or overlapping search terms, as shown in **Exhibit "D**."

39.     Upon information and belief, based on third-party marketplace analytics, Defendant has sold substantial quantities of the Infringing Products, generating estimated revenue of approximately $11,000 in a recent 30-day period and approximately $156,000 over the preceding twelve months, at an estimated average of approximately 731 units sold per month, with an average Amazon Best Sellers Rank of approximately 30,438 in the relevant product category.

40.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer, damages including, without limitation: lost sales; lost profits; price erosion requiring Plaintiff to run promotional discounts to remain competitive against Defendant's lower-priced, confusingly similar listings; an increase in Plaintiff's advertising expenditures incurred in an effort to compete against Defendant's infringing listings; and injury to Plaintiff's goodwill and brand reputation, in a total amount to be proven at trial.

Plaintiff has also incurred and will continue to incur legal fees in addressing Defendant's infringing conduct.

41. Defendant's infringement was, and remains, deliberate and willful, as demonstrated by, among other things: (a) the manual and, upon information and belief, deliberate alteration required to substitute Defendant's logo into a copy of Plaintiff's photograph while preserving every other element of the image; (b) Defendant's continued sale of the Infringing Products; and (c) Defendant's failure to substantively respond to Plaintiff's cease-and-desist letter.

**COUNT I**
**Unfair Competition**

42. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

43. Plaintiff and Defendant are competitors in the market for weightlifting and workout gloves sold through e-commerce platforms, including Amazon.com.

44. Defendant has engaged in unfair and deceptive business practices by deliberately copying Plaintiff's federally registered trademarks, distinctive trade dress, and proprietary product photography for use in connection with Defendant's directly competing products.

45. Defendant's conduct violates accepted standards of business ethics and constitutes unfair competition under Ohio common law.

46. Defendant's unfair competition has caused and continues to cause actual harm

to Plaintiff, including lost sales, price erosion, increased advertising costs, and injury to Plaintiff's goodwill and reputation.

47.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT II
### Federal Trade Dress Infringement — 15 U.S.C. § 1125(a)

48.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

49.     Plaintiff's trade dress, described in detail above, including its photography format, product configuration, color and branding scheme, and structural and graphic packaging design, is distinctive, non-functional, and has acquired secondary meaning identifying Plaintiff as the source of the goods.

50.     Plaintiff's trade dress is inherently distinctive and, alternatively, has acquired secondary meaning. The trade dress is non-functional—each element serves solely or primarily to identify Plaintiff as the source of the goods rather than to improve the product's utility or reduce manufacturing costs. No element of Plaintiff's trade dress is essential to the use or purpose of workout gloves, nor does any element affect the cost or quality of the product.

51.     Defendant has copied Plaintiff's trade dress and used a confusingly similar trade dress in connection with the sale of the Infringing Products.

52.     Defendant's use of confusingly similar trade dress is likely to cause confusion,

13

mistake, or deception as to the source, sponsorship, or affiliation of Defendant's products, in violation of 15 U.S.C. § 1125(a).

## COUNT III
### Federal Trademark Dilution — 15 U.S.C. § 1125(c)

53.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

54.    Plaintiff's Marks are widely recognized by the general consuming public, particularly within the fitness and athletic goods market, as a designation of source of Plaintiff's goods. Through more than a decade of continuous use, substantial advertising expenditures exceeding hundreds of thousands of dollars, lifetime sales in excess of ten million dollars, consistent top-tier rankings in Amazon's product categories, and extensive media coverage in national publications including Men's Health, Medical News Today, and Healthline, Plaintiff's Marks have achieved fame sufficient to warrant protection against dilution under 15 U.S.C. § 1125(c).

55.    Defendant's use of a colorable imitation of Plaintiff's Marks began after Plaintiff's Marks had become famous and is likely to cause dilution of the distinctive quality of Plaintiff's Marks by blurring the unique and singular association between the Marks and Plaintiff in the minds of consumers.

56.    Defendant's conduct constitutes dilution in violation of 15 U.S.C. § 1125(c).

## COUNT IV
### Trademark Infringement – 15 U.S.C. § 1114

57.    Plaintiff repeats and re-alleges each and every allegation set forth in the

14

preceding paragraphs of this Complaint as if fully set forth herein.

58.    Plaintiff is the owner of the Marks.

59.    Defendant has used in commerce a colorable imitation of Plaintiff's registered "Fa" logo in connection with its sale of the Infringing Products, without Plaintiff's authorization or consent.

60.    Defendant's use of a colorable imitation of the Marks is likely to cause confusion among consumers as to the source and origin of the Infringing Products.

61.    Plaintiff informed Defendant, including through its July 9, 2026 cease-and-desist letter (**Exhibit "E"**), that its sales of the Infringing Products infringed on Plaintiff's rights in the Marks.

62.    Defendant continued use of a colorable imitation of the Marks constitutes knowing and willful trademark infringement pursuant to 15 U.S.C. § 1114.

63.    As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

### COUNT V
### Ohio Deceptive Trade Practices (O.R.C. § 4165.02)

64.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

65.    Defendant's unauthorized use of the Marks is likely to cause confusion as to the source of the Infringing Products in violation of O.R.C. § 4165.02(A)(2).

66.    Defendant's unauthorized use of the Marks creates the misperception that

Defendant and Plaintiff are affiliated, which violates O.R.C. § 4165.02(A)(3).

67.    Defendant's conduct also violates O.R.C. § 4165.02(A)(7) by representing that goods have characteristics, uses, or benefits that they do not have, and O.R.C. § 4165.02(A)(9) by advertising goods with intent not to sell them as advertised. Defendant's use of Plaintiff's copied photograph falsely represents that Defendant's products possess the same quality, design, and source identification as Plaintiff's genuine products

68.    As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## COUNT VI
### Declaratory Judgment/Injunctive Relief

69.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

70.    An actual, substantial, and continuing controversy exists between Plaintiff and Defendant concerning Defendant's rights, if any, to use Plaintiff's registered trademarks, trade dress, and images in connection with the sale of competing products.

71.    Defendant has asserted, through its continued use of the Infringing Products and its refusal to respond substantively to Plaintiff's cease-and-desist letter, that they have the right to copy Plaintiff's trademarks, trade dress, and photograph and to use confusingly similar marks and images in connection with its competing glove products.

72.    Plaintiff contends that Defendant has no such right and that Defendant's conduct violates Plaintiff's federally registered trademark rights, trade dress rights, and

16

constitutes unfair competition and deceptive trade practices under federal and Ohio law.

73. This controversy is substantial, concrete, and justiciable. A declaratory judgment is necessary and appropriate to resolve the parties' competing positions and to clarify Defendant's obligations under federal and Ohio law

74. Pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, and O.R.C. §§ 2721.03 and 2721.06, this Court should declare that:

- Defendant has no right to use Plaintiff's registered trademarks or any confusingly similar marks;

- Defendant has no right to copy or use Plaintiff's distinctive trade dress;

- Defendant has no right to copy, reproduce, display, or create derivative works from Plaintiff's proprietary product photograph;

- Defendant's continued use of the Infringing Products constitutes trademark infringement, trade dress infringement, unfair competition, trademark dilution, and deceptive trade practices in violation of federal and Ohio law; and

- Defendant's conduct has caused and continues to cause irreparable harm to Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fit Active Sports LLC respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

1. Enter judgment that Defendant has:

- Infringed Plaintiff's federally registered trademarks in violation of 15 U.S.C. § 1114;

- Infringed Plaintiff's protectable trade dress in violation of 15 U.S.C. § 1125(a);

- Engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and Ohio

17

common law;

- Diluted Plaintiff's famous marks in violation of 15 U.S.C. § 1125(c); and

- Engaged in deceptive trade practices in violation of O.R.C. § 4165.02;

2. Award Plaintiff monetary relief, including:

- Defendant's profits attributable to the infringement, unfair competition, trade dress infringement, and deceptive trade practices;

- Plaintiff's actual damages resulting from Defendant's conduct;

- Enhancement of damages up to three times the amount found, as permitted by 15 U.S.C. § 1117(a), upon a finding that Defendant's infringement was willful;

- With respect to Count Five (O.R.C. § 4165.02), actual damages as provided by O.R.C. § 4165.03(A)(2);

3. Award Plaintiff costs and attorneys' fees, including:

- Costs of this action as provided by 28 U.S.C. § 1920;

- Reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) upon a finding that this case is exceptional in light of Defendant's willful infringement; and

- With respect to Count Five (O.R.C. § 4165.02), reasonable attorneys' fees pursuant to O.R.C. § 4165.03(B) upon a finding that Defendant willfully engaged in deceptive trade practices knowing them to be deceptive;

4. Award Plaintiff prejudgment interest as equity requires and post-judgment interest as provided by 28 U.S.C. § 1961;

5. Issue a permanent injunction pursuant to 15 U.S.C. § 1116 and O.R.C. § 4165.03(A)(1) enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from:

- Using Plaintiff's registered trademarks or any confusingly similar marks, logos, or trade dress;

- Copying, displaying, distributing, reproducing, or creating derivative works

18

from Plaintiff's proprietary product photograph;

- Manufacturing, marketing, advertising, offering for sale, or selling the Infringing Products or any products bearing confusingly similar trade dress or trademarks; and

- Engaging in any other conduct that infringes Plaintiff's trademark rights, trade dress rights, or constitutes unfair competition or deceptive trade practices;

6.   Issue a declaration pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, and O.R.C. §§ 2721.03 and 2721.06 that:

- Defendant has no right to use Plaintiff's registered trademarks or any confusingly similar marks;

- Defendant has no right to copy or use Plaintiff's distinctive trade dress;

- Defendant has no right to copy, reproduce, display, or create derivative works from Plaintiff's proprietary product photograph; and

- Defendant's conduct has caused and continues to cause irreparable harm to Plaintiff; and

7.   Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,

**CAVITCH, FAMILO & DURKIN CO., L.P.A**

*/s/ Derek P. Hartman*
Derek P. Hartman (0087869)
Jose Mendez Valdez (0105056)
CAVITCH FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, Twentieth Floor
Cleveland, Ohio 44114
Telephone:     (216) 621-7860
Facsimile:      (216) 621-3415
Email:           dhartman@cavitch.com
                    Jvaldez@cavitch.com


19

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Fit Active Sports LLC

hereby demands a trial by jury on all issues so triable.

/s/ *Derek P. Hartman*
DEREK P. HARTMAN

## INDEX OF EXHIBITS

**Exhibit A** — U.S. Trademark Registration No. 5,610,672

**Exhibit B** — U.S. Trademark Registration No. 6,451,647

**Exhibit C** — Reserved [Plaintiff's original product photograph, to be inserted]

**Exhibit D** — Side-by-side comparison of Plaintiff's and Defendant's Amazon.com listings

**Exhibit E** — Cease-and-desist letter dated July 9, 2026

**EXHIBIT A**

# United States of America
## United States Patent and Trademark Office



FIT ACTIVE SPORTS

**Reg. No. 5,610,672**

**Registered Nov. 20, 2018**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

Fit Active Sports LLC  (OHIO LIMITED LIABILITY COMPANY)
4816 Brecksville Road, Floor 2
Richfield, OHIO 44286

CLASS 28: Exercise and weightlifting equipment, namely, exercise gloves, wrist supports, wrist wraps, handle grips for sporting equipment, athletic tape, jump ropes, yoga mat bags, back brace for lifting, stretch bands for yoga and physical fitness purposes, and foot sleeves in the nature of joint supports for athletic use

FIRST USE 3-17-2016; IN COMMERCE 3-17-2016

The mark consists of Italicized "Fa", wherein an upper horizontal portion of the "F" is separated from a lower portion of the "F" and the "F" and the "a" are conjoined together with a lower horizontal portion of the "F" also providing an upper portion of the "a". Phrase "Fit Active Sports" is located below the "Fa".

No claim is made to the exclusive right to use the following apart from the mark as shown: "SPORTS"

SER. NO. 87-845,289, FILED 03-22-2018

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

**EXHIBIT B**

# United States of America
## United States Patent and Trademark Office

# FIT ACTIVE SPORTS

**Reg. No. 6,451,647**

**Registered Aug. 17, 2021**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

Fit Active Sports LLC  (OHIO LIMITED LIABILITY COMPANY)
1105 Mckendree Park Ln
Lawrenceville, GEORGIA 30043

CLASS 28: exercise gloves being work-out gloves, athletic wrist supports, athletic wrist wraps, handle grips for sporting equipment, jump ropes, back brace for weight lifting, stretch bands for yoga and physical fitness purposes, yoga balls, hip bands being manually-operated exercise equipment, waist trimmer exercise belts, disc golf bags, sporting goods being resistance bands

FIRST USE 5-13-2015; IN COMMERCE 5-13-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SPORTS"

SEC.2(F)

SER. NO. 90-018,318, FILED 06-24-2020





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse)  and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

**EXHIBIT C**





### Fit Active Sports New Ventilated Weight Lifting...

4.5 ★★★★☆ (16.3K)

1K+ bought in past month

$19⁹⁵



### Neoprene Padded Weight Lifting Gloves for Men and...

4.5 ★★★★☆ (1.7K)

50+ bought in past month

$14⁹⁹

**EXHIBIT E**



**William C. Hatt**
Attorney at Law
whatt@cavitch.com

July 9, 2026

**VIA NEXT-DAY FEDERAL EXPRESS**
**AND ELECTRONIC MAIL**

Anwar Waseem dba Glaring Way
Sialko Group Corp.
3393 Kenilworth Drive
Windsor, Ontario N9E 4P7
waseem.dom@gmail.com

**Re:     Unauthorized Use of Fit Active Sports LLC's Copyrighted Photograph and False**
**Designation of Origin**

Dear Mr. Waseem:

This firm represents Fit Active Sports LLC ("Fit Active" or "our client"). We write this letter to you individually and collectively through your entities Glaring Way and Sialko Group Corp (collectively "you") regarding your unauthorized use of Fit Active's copyrighted product photography, false designation of origin, trademark infringement, and related violations of federal law, including the Digital Millennium Copyright Act, 17 U.S.C Section 1201 *et seq*.

Fit Active is the creator and owner of original commercial photographs depicting its fitness products, including photographs featuring a model wearing Fit Active brand workout gloves bearing Fit Active's registered trademark logo. These photographs are protected under United States and international copyright law, were created at considerable expense, and represent valuable intellectual property used to market Fit Active's products.

Despite having no authorization whatsoever, you have unlawfully reproduced, copied, and digitally altered Fit Active's copyrighted photographs. Specifically, you: (1) copied the entire photographic composition; (2) deliberately removed or obscured Fit Active's registered trademark logo that appeared on the gloves' wrist strap; and (3) digitally replaced Fit Active's logo with a substantially similar logo bearing your own branding. You then published these altered photographs on Amazon to advertise and sell your own competing weightlifting gloves, directly profiting from Fit Active's intellectual property without compensation. An example of this is included below:

Anwar Waseem dba Glaring Way
July 9, 2026
Page 2

**gym training**





Fit Active Sports New
Ventilated Weight Lifting...

4.5 ★★★★☆ ∨ (16.3K)

1K+ bought in past month

$19⁹⁵

**fingerless**



Neoprene Padded Weight
Lifting Gloves for Men and...

4.5 ★★★★☆ ∨ (1.7K)

50+ bought in past month

$14⁹⁹

Your substituted logo was intentionally designed and positioned to replicate the commercial impression of Fit Active's mark: it employs a similarly stylized, angular design; is positioned in the identical location on the product; is rendered in the same contrasting white color against the black wrist strap; and serves the identical source-identifying function within the photograph. The clear purpose of this deliberate alteration was not to create an original advertisement, but to steal Fit Active's image while disguising the infringement and misleading consumers into believing the gloves depicted were your own products.

Your conduct constitutes, at minimum:

1. Copyright infringement and willful copyright infringement under 17 U.S.C. Section 501 et seq.;
2. Trademark infringement and counterfeiting under 15 U.S.C. Section 1114;
3. False designation of origin and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by falsely representing that the products depicted in the photographs originated from or were associated with your business;

Anwar Waseem dba Glaring Way
July 9, 2026
Page 3

4. Trafficking in counterfeit goods;
5. Unfair competition and related violations under applicable state law;
6. Violation of the Digital Millennium Copyright Act, 17 U.S.C. Section 1201 et seq., by circumventing technological measures; and
7. Fraud and misrepresentation in your Amazon counter-notice, made under penalty of perjury.

Amazon investigated Fit Active's valid copyright infringement complaint and determined that the complaint was meritorious, resulting in removal of the infringing images from the marketplace. You then filed a counter-notice to Amazon stating, explicitly under penalty of perjury: "I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled."

This representation was categorically false and was made with knowledge of its falsity. Your infringement was not a mistake. You deliberately copied the photograph. You intentionally edited the logo. You knowingly uploaded it to Amazon. And you consciously filed a false counter-notice under penalty of perjury. Your sworn statement to Amazon constitutes fraud, perjury, and bad faith conduct that exposes you to criminal liability and substantial civil damages.

Accordingly, Fit Active demands that you:

1. **Cease All Infringing Activity**. Immediately and permanently cease and desist from any further use, reproduction, distribution, display, modification, or creation of derivative works based upon any Fit Active photographs or other intellectual property;
2. **Removal of Infringing Content**. Within 48 hours of the date of this letter, permanently remove all infringing photographs and any derivative versions from every website, marketplace, social media account, advertisement, catalog, product listing or other marketing material within your possession, custody or control;
3. **Destruction of Infringing Materials**. Confirm in writing that all copies of the infringing photographs have been destroyed or permanently deleted;
4. **Preservation of Evidence**. Preserve all documents and electronically stored information relating to the creation, alteration, publication, marketing, and sale of products using the infringing photographs, including all communications, sales records, advertising records, Amazon account information, and financial records. This letter serves as formal notice of your obligation to preserve evidence, and any destruction or alteration of relevant evidence may constitute spoliation;
5. **Complete Financial Accounting**. Provide a complete accounting of all products advertised or sold using the infringing photographs, including gross revenues, profits, units sold, advertising expenditures, and the dates during which the photographs were displayed; and

Anwar Waseem dba Glaring Way
July 9, 2026
Page 4

6. **Source Identification**. Identify all persons or entities involved in creating, editing, publishing, or authorizing the infringing images.

Please provide written confirmation of your compliance with the foregoing demands no later than **July 10 at 5 p.m. EST**.

If we do not receive satisfactory assurances within that time, our client is prepared to pursue all available legal remedies without further notice, including filing suit in federal court seeking injunctive relief, actual damages, defendants' profits, statutory damages where available, attorneys' fees, costs, and all other relief authorized by law.

Nothing contained in this letter shall be construed as a complete statement of Fit Active's claims, rights, or remedies, all of which are expressly reserved.

Very truly yours,

*/s/ William C. Hatt*

**William C. Hatt**
**Attorney at Law**